**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR ENRIQUE MARTINEZ;
LORENA BARBARA MOYO-
CASARRUBIAS,

        Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 08-70210

Agency Nos. A079-522-687
                A079-522-688

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN,  Circuit Judges.

     Oscar Enrique Martinez and Lorena Barbara Moyo-Casarrubias, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because they did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and they failed to demonstrate material changed circumstances in Mexico to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief in order to reopen proceedings based on changed circumstances). Moreover, the denial of petitioners' motion to reopen to apply for asylum, withholding of removal and CAT relief did not violate due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159-60 (9th Cir. 2002). Petitioners' contention that the BIA's violated their due process rights by failing to consider evidence of hardship is not supported by the

08-70210

record and does not amount to a colorable due process claim.  *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**